Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HILL,<br><br>                Plaintiff,<br><br>  vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC.,<br><br>                Defendant | Case No. **'16CV2752 LAB WVG**<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Drew Hill, (hereinafter "Plaintiff") against Portfolio Recovery Associates, LLC. (hereinafter "Defendant") practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

1. There is pending in this district an MDL titled In Re: Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation Case Number: 3:11-md-02295-JAH-BGS in which includes in the class the Plaintiff. Pursuant to that Court's order of June, 23, 2016, Granting Preliminary Approval of Class Action Settlement (Doc. 374). Plaintiff exercised his right, in a timely manner, to opt out of the class. The notice was received by the settlement administrator and the defendant's attorneys on September 26 and 22, 2016, respectively. The notification sent certified mail and return

1  receipts are attached at exhibit A.

2    2.    This Court has jurisdiction under 28 U.S.C. §1331 and 47 U.S.C. §227. Venue is proper in this district pursuant to 28 U.S.C. § 1391 for the following reasons:

    a.    Plaintiff resides in the City of San Diego, California which is within this judicial district;

    b.    the conduct complained of herein occurred within this judicial district; and

    c.    many of the acts and transactions giving rise to this action occurred in this district.

## PARTIES

3.    At all times, relevant, Plaintiff was an individual residing in San Diego, California and was a "person" as defined by 47 U.S.C. §153(39).

4.    Defendant is, and at all times mentioned herein was, a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502 and is registered to do business in the state of California, and is a "person", as defined by 47 U.S.C. §153(39).

5.    Plaintiff makes the following allegations on information and belief, except for those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff allege on personal knowledge.

6.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7.    In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.    The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9.    According to findings by the Federal Communication Commission

("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

**FACTS**

11. On or about January 8, 2013, Plaintiff began to receive collection calls from Defendant on his cellular telephone number ending in "0373".

12. Without conceding that he ever gave express consent, at some point during the series of calls to him from defendant he verbally revoked any consent he may have given to receive any telephone calls from Defendant.

13. The FCC in its 2015 Order makes clear that consumers may revoke consent through any reasonable means, either orally or in writing. *See* 2015 FCC Order, ¶¶ 55, 64 cited in *Reardon v. Uber Technologies, Inc.*, No. 14-CV-05678-JST, 2015 WL 4451209, at *10 (N.D. Cal. July 19, 2015)

14. Defendant repeatedly contacted Plaintiff on his cellular telephone. Plaintiff received numerous calls on his cellular phone from Defendant.

15. The calls to Plaintiff's cellular telephone ending in "0373" from Defendant occurred on, numerous dates including but not limited to  9/27/2013, 10/8/2013, 10/22/2013, 10/24/2013, 10/30/2013, 11/5/2013, 11/7 /2013, 11/12/2013, 11/ 16/2013,

11/24/2013, 12/ 2/2013, 12/ 10/2013, 12/17/2013, 12/19/2013, 12/23/2013, 12/27/2013, 12/31/2013, 01/04/2014, 01/08/2014, 1/16/2014, 1/24/ 2014, and 1/26/2014.

16. All telephone contact by Defendant to Plaintiff on his cellular telephones occurred via an "artificial or prerecorded voice" and/or "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), and all calls that are the subject of this Complaint occurred on or after the date that is four years prior to the filing of this action and 20 days following the filing of this Complaint.

17. The telephone number that Defendant called to contact Plaintiff, using an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

18. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

19. Defendant's telephone calls to Plaintiff's cellular phone violated 47 U.S.C. §227(b)(1)(A) in that they utilized an "artificial or prerecorded voice" or were placed by an "automatic telephone dialing system" and were for non-emergency purposes and without Plaintiff's prior express consent or with consent that was withdrawn and revoked.

20. Defendant's misconduct in placing some or all of these telephone calls to Plaintiff's cell phone was willful and knowing and Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (C).

### FIRST CLAIM FOR RELIEF
### (Negligent Violations of the TCPA)

21. Plaintiff incorporates the above factual allegations herein.

22. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or

sequential number generator and/or were made utilizing an "artificial or prerecorded voice".

23. These phone calls were made without prior express consent or after oral revocation by Plaintiff of prior express consent.

24. Defendant has therefore violated the TCPA, 47 U.S.C. §227(b)(1)(A) and A(iii), which makes it unlawful for any person within the United States "… to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to … a cellular telephone service …"

25. Because of Defendant's illegal conduct, Plaintiff suffered actual damages and, under section 227(b) (3) (B), is entitled to, a minimum of $500.00 in damages for each such call, in violation of the TCPA.

## SECOND CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the TCPA)**

26. Plaintiff incorporates by reference the above factual allegations herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

28. Because of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to increase the $500 per call above up to $1,500.00 in statutory damages for each and every such call, pursuant to 47 U.S.C. § 227(b) (3) (B) and 47 U.S.C. § 227(b) (3) (C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant:

1. Because of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks $500.00 in statutory damages for each and every call that violated the

TCPA;

2. Because of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks treble damages of the $500.00, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

3. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

4. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by Jury.

Dated November 7, 2016

**Lester & Associates**
By   s/ Patric A. Lester
     Attorney for Plaintiff,
     E-mail: pl@lesterlaw.com